# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-5506 (JAP) |
| v. | : | |
| | : | |
| DR. MANDELL et al., | : | **OPINION** |
| | : | **APPLIES TO ALL ACTIONS** |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-0841 (JAP) |
| v. | : | |
| | : | |
| ANNE KLEIN FORENSIC CENTER, | : | |
| | : | |
| Defendant. | : | |

|  |  |  |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-0842 (JAP) |
| v. | : | |
| | : | |
| CHRISTIE TODD WHITMAN, | : | |
| | : | |
| Defendant. | : | |

|  |  |  |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-0843 (JAP) |
| v. | : | |
| | : | |
| ALEX DAVIS, | : | |
| | : | |
| Defendant. | : | |

continued . . .

... continued

JOEL JERMAINE BACON,                    :
                                        :
                    Plaintiff,          :        Civil Action No. 12-0844 (JAP)
v.                                      :
                                        :
JAMESBURG DETENTION HOME,               :
                                        :
                    Defendant.          :
_____        :
                                        :
JOEL JERMAINE BACON,                    :
                                        :
                    Plaintiff,          :        Civil Action No. 12-0845 (JAP)
v.                                      :
                                        :
JAMES FORSYTHE #43618,                  :
                                        :
                    Defendant.          :
_____        :
                                        :
JOEL JERMAINE BACON,                    :
                                        :
                    Plaintiff,          :        Civil Action No. 12-2778 (JAP)
v.                                      :
                                        :
DR. ROBERT ROTH,                        :
                                        :
                    Defendant.          :
_____        :
                                        :
JOEL JERMAINE BACON,                    :
                                        :
                    Plaintiff,          :        Civil Action No. 12-2779 (JAP)
v.                                      :
                                        :
DR. B. MARTY,                           :
                                        :
                    Defendant.          :
_____        :

continued . . .

. . . continued

|                                       |   |                                |
|---------------------------------------|---|--------------------------------|
| JOEL JERMAINE BACON,                  | : |                                |
|                                       | : |                                |
| Plaintiff,                            | : | Civil Action No. 12-2883 (JAP) |
| v.                                    | : |                                |
|                                       | : |                                |
| ATLANTIC CITY POLICE,                 | : |                                |
|                                       | : |                                |
| Defendant.                            | : |                                |

JOEL JERMAINE BACON,

        Plaintiff,       :     Civil Action No. 12-3055 (JAP)
v.

MR. JOHN MANE et al.,

        Defendants.

JOEL JERMAINE BACON,

        Plaintiff,       :     Civil Action No. 12-3056 (JAP)
v.

ANNE KLEIN FORENSIC CENTER et al.,

        Defendants.

JOEL JERMAINE BACON,

        Plaintiff,       :     Civil Action No. 12-3169 (JAP)
v.

THOMAS KAZANES et al.,

        Defendants.

continued . . .

. . . continued

<table>
<tr><td>JOEL JERMAINE BACON,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>        Plaintiff,</td><td>:</td><td>Civil Action No. 12-3170 (JAP)</td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>RASHON JOHNSON,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>        Defendant.</td><td>:</td><td></td></tr>
</table>

JOEL JERMAINE BACON,              :

        Plaintiff,        :        Civil Action No. 12-3217 (JAP)
v.                                :

M.S.O. SYLVESTER,                 :

        Defendant.        :

JOEL JERMAINE BACON,              :

        Plaintiff,        :        Civil Action No. 12-3272 (JAP)
v.                                :

TRENTON STATE PRISON,             :

        Defendant.        :

JOEL JERMAINE BACON,              :

        Plaintiff,        :        Civil Action No. 12-3273 (JAP)
v.                                :

ALL MEDICAL STAFF et al.,         :

        Defendants.       :

continued . . .

. . . continued

| | | |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-3274 (JAP) |
| v. | : | |
| | : | |
| ALL REHAB STAFF et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-3390 (JAP) |
| v. | : | |
| | : | |
| DOCTORS SUPERVISORS et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-3391 (JAP) |
| v. | : | |
| | : | |
| ALL MSO'S AND SR MSO'S et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOEL JERMAINE BACON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 12-3392 (JAP) |
| v. | : | |
| | : | |
| KITCHEN SUPERVISORS et al., | : | |
| | : | |
| Defendants. | : | |

continued . . .

. . . continued

|                                   |   |                                |
|-----------------------------------|---|--------------------------------|
| JOEL JERMAINE BACON,              | : |                                |
|                                   | : |                                |
|     Plaintiff, | : | Civil Action No. 12-3393 (JAP) |
| v.                                | : |                                |
|                                   | : |                                |
| ALL KITCHEN STAFF et al.,         | : |                                |
|                                   | : |                                |
|     Defendants. | : |                                |

JOEL JERMAINE BACON,                 :

    Plaintiff,    :    Civil Action No. 12-3479 (JAP)

v.                                   :

SR. M.S.O. LOPEZ,                    :

    Defendant.    :

JOEL JERMAINE BACON,                 :

    Plaintiff,    :    Civil Action No. 12-3494 (JAP)

v.                                   :

STATE OF NEW JERSEY,                 :

    Defendant.    :

JOEL JERMAINE BACON,                 :

    Plaintiff,    :    Civil Action No. 12-3575 (JAP)

v.                                   :

ATLANTIC CITY PRESS,                 :

    Defendant.    :

continued . . .

. . . continued

JOEL JERMAINE BACON,                      :
                                          :
                    Plaintiff,            :          Civil Action No. 12-3580 (JAP)
                                          :
v.                                        :
                                          :
SURVEILLANCE SECURITY,                    :
                                          :
                    Defendant.            :
_____:
                                          :
JOEL JERMAINE BACON,                      :
                                          :
                    Plaintiff,            :          Civil Action No. 12-3694 (JAP)
                                          :
v.                                        :
                                          :
ALL DOCTORS et al.,                       :
                                          :
                    Defendants.           :
_____:
                                          :
JOEL JERMAINE BACON,                      :
                                          :
                    Plaintiff,            :          Civil Action No. 12-4341 (JAP)
                                          :
v.                                        :
                                          :
ALL TREATMENT TEAMS et al.,               :
                                          :
                    Defendants.           :
_____:
                                          :
JOEL JERMAINE BACON,                      :
                                          :
                    Plaintiff,            :          Civil Action No. 12-4511 (JAP)
                                          :
v.                                        :
                                          :
THE ATLANTIC CITY PRESS,                  :
                                          :
                    Defendant.            :
_____:

continued . . .

. . . continued

JOEL JERMAINE BACON,                    :
                                        :
                    Plaintiff,          :        Civil Action No. 12-5230 (JAP)
v.                                      :
                                        :
SUPERVISOR 1ST 2ND 3RD SHIFT            :        **<u>OPINION</u>**
                                        :        **<u>APPLIES TO ALL ACTIONS</u>**
                    Defendants.         :
_____ :

PISANO, District Judge:

These twenty-nine matters are before the Court upon Plaintiff's response to the Court's prior order directing him to show cause as to why he shall remain the master of his claims and no special counsel should be appointed. The Court has received and reviewed the submissions from Plaintiff. The Court has also carefully reviewed the record of the proceedings in each of Plaintiff's cases filed in this district discussed herein. For the reasons below, Plaintiff may file an amended complaint in the matter of <u>Bacon v. Atlantic City Police</u>, Civil Action No. 12-2883 to provide the necessary factual details to support his claim, after which the Court will make a determination of this individual civil action should proceed and whether <u>pro</u> <u>bono</u> counsel should be appointed. All remaining matters are dismissed.

## I.     BACKGROUND

### A.     *Bacon v. Burns*: Plaintiff's Initial Complaint

Plaintiff is a civilly committed individual who commenced his first case in this District on October 22, 2010. <u>See</u> <u>Bacon v. Burns</u> ("<u>Bacon v. Burns</u>"), Civil Action No. 10-5484 (JBS) (D.N.J. Oct 22, 2010). There, the original complaint and amended pleading, both executed <u>pro</u> <u>se</u>, alleged that, during a certain period of Plaintiff's confinement, his rights were violated when he was subjected to involuntary medication with Haldol, an antipsychotic drug. <u>See</u> <u>Bacon v. Burns</u>, Docket Entry No. 1. This matter has recently settled. *Id.*, Docket Entry No. 72 (settlement placed on record).

### B.     Action Duplicative of *Bacon v. Burns* Assigned to the Undersigned

In addition to <u>Bacon v. Burns</u>, Plaintiff commenced a number of other civil matters in this District; three of these matters were presided over by Judge Simandle, <u>see</u> <u>Bacon v. Atlantic County Police Dep't</u>, Civil Action No. 13-2216 (JBS); <u>Bacon v. Dupree</u>, Civil Action No. 12-0784

(JBS); <u>Bacon v. Adetunji</u>, Civil Action No. 11-0706 (JBS), while the remaining Plaintiff's matters were assigned to the undersigned and present the actions being adjudicated now.

One the matters before the undersigned was <u>Bacon v. Mandell</u>, Civil Action No. 10-5506; it was commenced on October 25, 2010. There, Plaintiff asserted that his rights were violated by the same chain of involuntary medications that Plaintiff had already alleged in <u>Bacon v. Burns</u>. The Court, therefore, directed administrative termination of <u>Bacon v. Mandell</u> as duplicative. <u>See id.</u>, Docket Entry No. 2.

**C.     <u>Other Matters Presided Over by Judge Simandle</u>**

As noted, in addition to <u>Bacon v. Burns</u>, Judge Simandle presided over three other of Plaintiff's actions. On February 8, 2011, Plaintiff commenced two of these three actions by submitting civil complaints asserting, again, that his rights were violated by the same chain of involuntary medications referenced in earlier actions. <u>See Bacon v. Adetunji</u> and <u>Bacon v. Dupree</u>. Since the complaints in these two actions were deficient for the reasons already articulated by this Court in <u>Bacon v. Mandell</u>, Judge Simandle directed termination of <u>Bacon v. Adetunji</u> and <u>Bacon v. Dupree</u> as duplicative. <u>See</u> Civil Action No. 11-0706, Docket Entry No. 2; <u>Bacon v. Dupree</u>, Docket Entry No. 2, at 5-7, 2012 U.S. Dist. LEXIS 27699 at *6-7. The third action, <u>Bacon v. Atlantic County Police Dep't</u>, was also dismissed as duplicative based on a finding that the complaint was substantively identical to that filed in *Bacon v. Atlantic City Police*, Civil Action No. 12-2883 (JAP) (D.N.J. May 8, 2012),. <u>See</u> Civil Action No. 13-2216, Docket Entry No. 2.

### D. Other Bacon's Matters Assigned to the Undersigned

#### 1. Cases Commenced at the Beginning of 2012

During the first few months of 2012, Plaintiff commenced five matters, specifically: Bacon v. Anne Klein Forensic Center ("Bacon v. AKFC"), Civil Action No. 12-0841; Bacon v. Whitman, Civil Action No. 12-0842; Bacon v. Davis, Civil Action No. 12-0843; Bacon v. Jamesburg Detention Home for Boys ("Bacon v. Jamesburg"), Civil Action No. 12-0844; and Bacon v. Forsythe, Civil Action No. 12-0845.

In Bacon v. AKFC, Plaintiff asserted that he was "falsely convicted of crime and put in double jeopardy"; he sought release from confinement and monetary damages in the amount of 8 "billion dollars." The Court determined that his application for monetary relief was facially premature under Heck v. Humphrey, 512 U.S. 477 (1994), and his request for release was subject to dismissal for lack of habeas jurisdiction.

In Bacon v. Whitman, Plaintiff alleged that "Christie Todd Whitman" violated his rights by "endanger[ing] the welfare of a child" through "put[ting] criminal charges on a child"; in connection with this allegation, Plaintiff sought "88 zillion dollars." The Court dismissed Plaintiff's challenges for lack of factual predicate or for failure to state a claim.[7]

---

[7] The Court presumed that Plaintiff's reference to "Christie Todd Whitman" was a reference to Christine Todd Whitman ("Governor Whitman"), that is, New Jersey 50th Governor who served her term between 1994 and 2001. Having no legal degree, Governor Whitman did not serve as a prosecutor or even a defense counsel and, thus, could not have been involved in any malicious prosecution action. The Court observed:

> [Plaintiff's] claim implicate[d] Governor Whitman only in her supervisory capacity, as the State's top administrative official. That claim [was] facially meritless, since [Plaintiff's] challenges based on solely on the respondeat superior theory [were] not cognizable under Section 1983.

Bacon v. Anne Klein Forensic Ctr., 2012 U.S. Dist. LEXIS 71018, at *11-12 (citations omitted).

In Bacon v. Davis, Plaintiff alleged that a certain "Alex Davis" violated his state law rights by injecting Plaintiff with Haldol in accord with Dr. Burn's orders; in connection with that assertion, Plaintiff maintained that he was allergic to Haldol and sought "2 billion dollars." This Court dismissed the complaints for lack of diversity jurisdiction (necessary to support a state-law medical malpractice claim) and as barred by the doctrine of res judicata.

In Bacon v. Jamesburg, Plaintiff named "Jamesburg Detention Home for Boys" as the sole defendant and asserted that it "[d]id not treat for crime with facts of finding and brought no legal law[]yers for child"; in connection with that assertion, Plaintiff sought "one million eight hundred thousand dollars." Id. The Court dismissed these challenges on numerous grounds.[9]

Finally, in Bacon v. Forsythe, Plaintiff alleged that a certain "Forsythe," apparently an inmate, violated Plaintiff's rights because Forsythe "lied . . . about a crime" during Forsythe's testimony before a certain judge; in connection with this allegation Plaintiff sought "1.28 billion dollars." The Court dismissed these challenges noting that witnesses were absolutely immune from civil suit for damages based upon their testimony. However, each of the aforesaid dismissals was without prejudice, and Plaintiff was allowed to amend all these pleadings.

## 2. Subsequent Cases

Shortly after initiating the above-summarized matters, Plaintiff commenced a series of additional civil actions, one after the other. These matters are briefly summarized as follows:

---

[9] First, a detention center is not a "person" within the meaning of a § 1983 suit. Furthermore, even if this Court were to presume that Plaintiff wished to name facility staff (rather than the facility itself) as Defendant, the facility staff – being employees of a place of confinement – had no duty to obtain, and no role in obtaining, legal representation for Plaintiff. Finally, even presuming that Plaintiff merely wished to assert that he was wrongfully convicted or civilly committed, his claims would be barred by Heck on the grounds already articulated by this Court with regard to Bacon v. AKFC, as his challenges would be premature.

Bacon v. Anne Klein Forensic Ctr., 2012 U.S. Dist. LEXIS 71018, at *14-15 (citations omitted).

In Bacon v. Roth, Civil Action No. 12-2778, Plaintiff asserted, once again, that he was unduly subjected to forced medication.   In Bacon v. Marty, Civil Action No. 12-2779, he alleged that a certain "Dr. Marty" was "neglecting" him by not responding to his phone calls and by promising him to keep "neglecting" Plaintiff's future calls placed to "Dr. Marty's hospital."   In Bacon v. Atlantic City Police, Civil Action No. 12-2883, Plaintiff asserted "police brutality, excessive force and attempted murder."   In Bacon v. Mane, Civil Action No. 12-3055, he alleged that a certain Mr. Mane, who allegedly "runs Anne Klein Forensic Center," violated Plaintiff's rights because Mr. Mane "told his officers to violate [Plaintiff's] freedom of speech [since Plaintiff] couldn't say what [he] wanted to say."   In Bacon v. Anne Klein Forensic Center, Civil Action No. 12-3056, Plaintiff asserted that "all staff" of the Anne Klein Forensic Center (specifically, the first, second and third shifts of the staff) violated "all [his] rights."   In Bacon v. Kazanes, Civil Action No. 12-3169, Plaintiff alleged that a patient held in the Anne Klein Forensic Center, "assaulted" Plaintiff "with [a] book."   In Bacon v. Johnson, Civil Action No. 12-3170, Plaintiff asserted that a certain Mr. Johnson, a "client", "assaulted [Plaintiff] with closed fist."   In Bacon v. M.S.O. Sylvester, Civil Action No. 12-3069, Plaintiff alleged that a certain Officer Sylvester made "terroristic threats" by telling Plaintiff, during an "October" of an unspecified year, that Officer Sylvester would "get [Plaintiff] hurt."   In Bacon v. Trenton State Prison, Civil Action No. 12-3272, Plaintiff asserted that the prison violated his rights by having Plaintiff confined in an unspecified "laboratory testing facility against [Plaintiff's] will."   In Bacon v. All Medical Staff, Civil Action No. 12-3273, Plaintiff alleged that an unspecified medical staff "violated patient bill of rights illegally and disrespectfully."   In Bacon v. All Rehab Staff, Civil Action No. 12-3274, Plaintiff asserted that "all rehab staff" violated his rights because they failed to "rehabilitate" him.   In Bacon v. Doctors Supervisors, Civil Action No. 12-3390, Plaintiff

alleged that certain unspecified "Doctors Supervisors" violated his rights by failing to cure him.

In <u>Bacon v. All M.S.O's</u>, Civil Action No. 12-3391, Plaintiff asserted that "all M.S.O's"

"disrespected and violated" his unspecified rights. In <u>Bacon v. Kitchen Supervisors</u>, Civil Action

No. 12-3392, Plaintiff alleged that unspecified "Kitchen Supervisors" violated his rights because

they "did not help to prepare food." In <u>Bacon v. Kitchen Supervisors</u>, Civil Action No. 12-3393,

Plaintiff asserted that these "Kitchen Supervisors" also violated his rights because they "did not

feed [him the] right meal[s]." In <u>Bacon v. M.S.O. Lopez</u>, Civil Action No. 12-3479, Plaintiff

alleged that a certain M.S.O. Lopez violated his rights because M.S.O. Lopez "assaulted [an

unknown] patient with [a] minor infraction" causing that patient the "need [for] needles in [his]

body." In <u>Bacon v. State of New Jersey</u>, Civil Action No. 12-3494, Plaintiff asserted that the

State violated his rights by failing to release him from confinement or to move him to a certain

camp. In <u>Bacon v. Atlantic City Press</u>, Civil Action No. 12-3575, Plaintiff alleged that a local

newspaper violated his rights because it "put a juvenile in jeopardy" by "put[ting that] juvenile['s]

name in the paper." In <u>Bacon v. Surveillance Security</u>, Civil Action No. 12-3580, Plaintiff

asserted that a certain "surveillance security" should have had but "d[id]n't have cameras in every

camp," and that violated Plaintiff's rights. In <u>Bacon v. All Doctors</u>, Civil Action No. 12-3694,

Plaintiff alleged that unspecified doctors "treated [Plaintiff] irrespo[n]sibl[]y" by violating

Plaintiff's "patient['s] bill of rights." In <u>Bacon v. All Treatment Teams</u>, Civil Action No.

12-4341, Plaintiff asserted that "treatment teams . . . did not notify [unspecified whom in order] to

help" with an unspecified issue. In <u>Bacon v. Atlantic City Press</u>, Civil Action No. 12-4511,

Plaintiff repeated his challenges stated in the first <u>Bacon v. Atlantic City Press</u> action. In <u>Bacon v.

[Anne Klein Forensic Center] Supervisors [of] 1st [and] 2nd [and] 3rd Shift</u>, Civil Action No.

12-5230, Plaintiff asserted that unspecified "supervisors" violated his rights because they "were suppose[d] to help [Plaintiff] stay safe."

In connection with this panoply of challenges, Plaintiff sought damages in varied amounts ranging from "one million" to "one billion" to "eight billion," to "eighty eight billion" to "one trillion" dollars.   See Bacon v. Mandell, 2012 U.S. Dist. LEXIS 132231, at *5-28 (setting forth the same facts and remedy demands in greater detail and citing relevant docket entries).

## II.    THE COURT'S ORDER TO SHOW CAUSE

Previously, all of the above-captioned actions were dismissed without prejudice, and the Court issued an order directing Plaintiff to show cause as to why he should remain the master of his claims, even at the pleading stage.   See, e.g., Bacon v. Mandell, Docket Entry No. 8.   The Court did so out of an abundance of caution in light of Plaintiff's diagnosed mental health issues (as noted in the Court's Opinion accompanying the Order to Show Cause).   Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." A court should consider whether Rule 17(c) applies when "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012).   A sua sponte review of a plaintiff's mental competence by the court is not necessitated "based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." Id. (citations omitted).   The decision whether to appoint a guardian ad litem rests with the sound discretion of the district court. Powell, 680 F.3d at 303.

The Court has reviewed all of the supplemental submissions by Plaintiff. The Court also has thoroughly reviewed the record of each of the proceedings pending before both the undersigned and before Judge Simandle. The Court is satisfied that no further Rule 17 review is required. In the recently concluded matter before Judge Simandle, for example, Plaintiff appeared to be active in the litigation and able to assist his counsel. See, e.g., Civil No. 10-5484, Docket Entry No. 72 (examination of Plaintiff by counsel shows that counsel and Plaintiff reviewed terms of settlement together, Plaintiff understood the terms of the settlement, and Plaintiff understood his rights being given up in exchange for settlement payment). Having considered the entirety of the record of each of the proceedings of Plaintiff's various civil actions, the Court finds no basis to find that Plaintiff is incompetent for the purposes of Rule 17. The Court, therefore, proceeds with the review of Plaintiff's civil actions and with ruling on Plaintiff's requests for counsel.

## III. ANALYSIS

Section 1915(e)(2)(B)(i) "authorizes the dismissal of a[n IFP action] as factually frivolous if a court determines that the contentions are clearly baseless." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). However, no dismissal of allegations as "fanciful," "fantastic" or "delusional" is made lightly, since the courts never "disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, [s]tranger than fiction.'" Id. (citation omitted).

Unless an allegation facially qualifies as "clearly baseless," the court screens a pleading under the Rule 8 standard by "accept[ing] as true all of the [factual] allegations in the complaint." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Yet, bald assertions or

legal conclusions are not credited as true.   See Burlington Coat Fact. Sec. Litig., 114 F.3d 1410,

1429 (3d Cir. 1997).   Rather, the test detailed in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007),

is applied.   Detailing that test, the Court of Appeals in Phillips v. County of Allegheny, 515 F.3d

224, 230-34 (3d Cir. 2008), observed:

> "[w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's
> obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."
> Twombly, 127 S. Ct. at 1964-65 . . ."[T]he threshold requirement of Rule 8(a)(2)
> [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader
> is entitled to relief.'"   Id. at 1966.   [Hence] "factual allegations must be enough to
> raise a right to relief above the speculative level."   Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed); see also Ashcroft v. Iqbal, 556 U.S. 662, 687-87 (2009);

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); accord Imoore v. Gasbarro,

2012 U.S. Dist. LEXIS 73114, at *16 (D.N.J. May 24, 2012) (citing Advanta Corp. Sec. Litig., 180

F.3d 525, 534 (3d Cir. 1999), which quoted DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.

1990), "for the observation that a pleading must indicate 'the who, what, when, where, and how:

the first paragraph of any newspaper story'").

    If a civil litigant has a plausible claim but no meaningful ability to litigate it, the litigant

might seek appointment of pro bono counsel, even though civil litigants have no constitutional

right to legal representation.   See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (the

court may appoint counsel to represent a litigant who proceeds in forma pauperis under §

1915(e)(1), if the claim advanced has "some merit in fact and law."   Parham, 126 F.3d at 457); see

also Bragg v. Agarwal, 2009 U.S. Dist. LEXIS 109090 (D.N.J. Nov. 23, 2009).   In appointing pro

bono counsel under Section 1915(e)(1), the courts consider various factors, such as the litigant's

ability to present his case, the complexity of the legal issues implicated, the likelihood of extensive

or complex discovery, the need for experts, etc.   See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)).

However, first and foremost, the district court considers whether an indigent plaintiff raises a discernible claim from which at least an arguable merit could be distilled. See Tabron, 6 F.3d at 156 ("[T]he district court must consider as a threshold matter the merits of the plaintiff's claim. 'Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in [both] fact and law'") (quoting, inter alia, Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981), which, in turn, quoted Spears v. United States, 266 F. Supp. 22, 25-26 (S.D.W. Va. 1967)); accord Powell v. Symons, 680 F.3d 301, 310 n. 9 (3d Cir. 2012) ("Tabron repudiated" the notion that "appointment of counsel is warranted only upon a showing of special circumstances indicating the likelihood of substantial prejudice to plaintiff resulting from plaintiff's probable inability without such assistance to present the facts and legal issues to the court *in a complex but arguably meritorious* case") (quoting Tabron, 6 F.3d at 155, internal quotation marks omitted, emphasis supplied). Simply put, the presence of a discernible claim is a necessary requirement for appointing counsel. See Tabron, 6 F.3d at 156; Maclin, 650 F.2d at 887; Spears, 266 F. Supp. At 25-26; cf. Fisher v. Univ. of Tex. at Austin, 2013 U.S. LEXIS 4701, at *26 (June 24, 2013) ("[The] scrutiny must not be 'strict in theory, but fatal in fact.' But the opposite is also true. [The] scrutiny must not be strict in theory but feeble in fact") (citations omitted).[13]

---

[13] The Iqbal Court clarified that "[t]he *plausibility* standard is not akin to a *probability* requirement, but it asks for more than a sheer *possibility* that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (internal quotation marks and citation omitted, emphasis supplied). Thus, Iqbal set the pleading requirement bar at the mid-level plausibility benchmark, clarifying that "plausibility" is less than "probability" but more than sheer "possibility," and hammered "the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly." Fowler, 578 F.3d at 210 (referring to the standard coined in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While Rule 17 analysis cannot turn on the plausibility test, see Powell, 680 F.3d at 307-08, and even the pre-Twombly possibility standard set forth in Conley cannot be utilized as dispositive for the purposes of Rule 17 review, see id, a claim raised by a mentally incompetent individual cannot warrant appointment of counsel if the claim is set forth in the terms

The Court addresses each of Plaintiff's actions in turn below:

a.    In <u>Bacon v. Mandell</u> Plaintiff initially raised the forced medication challenges duplicative of those currently litigated in <u>Bacon v. Burns</u>.   In response to the Court's previous Order, Plaintiff submitted a response reading, "Dr. Mandell forced me to stay in lock up until of going [illegible] to an asylum."   <u>Bacon v. Mandell</u>, Docket Entry No. 9, at 1.   While qualitatively different from Plaintiff's initial challenges, that statement did not offer the Court even a hint at a viable claim, since the placement in solitary confinement or a special unit cannot violate the rights of inmates.   <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995) (relying on <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)); <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997) (relying on <u>Sandin</u>, 515 U.S. at 484); <u>Enigwe v. Nugent</u>, No. 92-5339, 1993 U.S. Dist. LEXIS 4860 (E.D. Pa. Feb. 25, 1993).   Rather, Plaintiff's submission suggested his displeasure with a certain memory he retained.   Thus, it appears that, if counsel is appointed to Plaintiff, Plaintiff would insist on that counsel's raising of a facially meritless challenge.   Hence, the Court finds no basis or appoint counsel or to reopen this action.

b.    In <u>Bacon v. AKFC</u> Plaintiff raised a premature claim (seeking monetary damages on the basis of his conviction) barred by the holding <u>Heck</u>.   In response to the Court's previous Order, Plaintiff submitted a statement reading, "Your Honor, I would like special counsel." <u>Bacon v. AKFC</u>, Docket Entry No. 9.   However, nothing in that submission suggested that the <u>Heck</u> bar has been removed by the entry of a favorable state court or federal habeas writ vacating Plaintiff's conviction.   Rather, Plaintiff's submission indicated that, in the event counsel is appointed to Plaintiff, Plaintiff would offer that counsel no viable facts on which

---

that are wholly incomprehensible or suggest a "fantastic/delusional" challenge: since such appointment cannot be squared with either the letter or the spirit of <u>Tabron</u>.

to build a cognizable claim"   Thus, the Court finds no basis or appoint counsel or to reopen this action.

c.    In <u>Bacon v. Whitman,</u> where Plaintiff asserted that the former Governor of New Jersey, a non-attorney, "put criminal charges on a child," Plaintiff has filed a similar request for counsel, <u>i.e.,</u> "Your Honor, I would like special counsel."   <u>Bacon v. Whitman</u>, Docket Entry No. 9.   Yet nothing in that submission suggests that the former Governor was or could have been personally involved in Plaintiff's criminal prosecution, and nothing in that submission hints at a claim other than a non-cognizable purely <u>respondeat superior</u> challenge.   Rather, that submission signaled that, if counsel is appointed to Plaintiff, Plaintiff would insist on asserting of a facially meritless challenge seeking "88 zillion dollars."   Consequently, the Court finds no basis or appoint counsel or to reopen this action.

d.    In <u>Bacon v. Davis</u>, another action raising claims duplicative of the forced medication challenges being adjudicated in <u>Bacon v. Burns</u>, Plaintiff again submitted the very same statement, <u>i.e.,</u> "Your Honor, I would like special counsel." <u>Bacon v. Davis</u>, Docket Entry No. 9.   However, as <u>Bacon v. Davis</u> is duplicative of <u>Bacon v. Burns</u>, and given prudential considerations underlying the judicial policy requiring termination of duplicative matters, the Court finds there is no basis to permit this matter to proceed or to appoint counsel in this matter.

e.    In <u>Bacon v. Jamesburg</u>, in which Plaintiff asserted that a juvenile correctional facility "brought no legal law[]yers for child," Plaintiff submitted a supplemental statement reading, "They never met a juvenile [illegible] a lawyer before the forced him to say anything or [illegible] anything."   <u>Bacon v. Jamesburg</u>, Docket Entry No. 9.   That

statement, however, did not offer the Court any indication that the detention center committed any civil rights violation. Moreover, the above-quoted record Plaintiff submitted in <u>Bacon v. Atlantic County Police Dep't</u>, Civil Action No. 13-2216, amply showed that Plaintiff had proper and vigorous legal representation in the criminal matter prosecuted against him.[23] Plaintiff's complaint lacks merit, and, consequently, the Court finds no basis to appoint counsel or to reopen this action.

f.   In <u>Bacon v. Forsythe</u>, in which Plaintiff alleged that a certain inmate violated his rights by falsely testifying in court, Plaintiff has submitted the statement reading, "Your Honor, I would like special counsel." <u>Bacon v. Forsythe</u>, Docket Entry No. 9. However, given the absolute immunity of witnesses from civil suit; Plaintiff is attempting to assert a wholly meritless challenge. Thus, the Court finds no basis or appoint counsel or to reopen this action.

g.   In <u>Bacon v. Roth</u>, Plaintiff again raised the forced medication challenges duplicative of those litigated in <u>Bacon v. Burns</u>, Plaintiff submitted a statement alleging, "Dr. Roth forced me to take meds dangerous to my life." <u>Bacon v. Roth</u>, Docket Entry No. 7. However, as detailed <u>supra</u>, the very issue of whether Plaintiff was properly medicated is at the heart of Plaintiff's <u>Bacon v. Burns</u> action, and nothing in Plaintiff's submission renders <u>Bacon v. Roth</u> non-duplicative of <u>Bacon v. Burns</u>. Rather, that submission leads the Court to presume that, in the event counsel is appointed to Plaintiff, Plaintiff would insist on

---

[23]   Moreover, even if the Court were to construe Plaintiff's latest <u>Bacon v. Jamesburg</u> statement as hinting at Plaintiff's arrest and post-arrest interrogation statements, thus implicating the holding of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), Plaintiff's so-construed challenges would not give rise to a cognizable civil rights claim. <u>See</u> <u>Chavez v. Martinez</u>, 538 U.S. 760, 766 (2003); <u>Renda v. King</u>, 347 F.3d 550, 552, 557 (3d Cir. 2003); <u>Williams v. Tansey</u>, 610 Supp. 1083 (E.D. Pa. 1985); <u>see</u> <u>also</u> <u>Dunkin v. Lamb</u>, 500 F. Supp. 184 (D.C. Nev. 1980).

prosecution of a wholly duplicative action.[24]   Thus, the Court finds no basis or appoint

counsel or to reopen this action.

h.   In <u>Bacon v. Atlantic City Police</u>, that is, the action where Plaintiff asserted "police

brutality" and "attempted murder" by police, Plaintiff submitted two supplemental

statements, both reading, again, "Your Honor, I would like special counsel."   <u>Bacon v.</u>

<u>Atlantic City Police</u>, Docket Entries Nos. 7 and 8.   Plaintiff's bald assertions perhaps hint

at an excessive force claim, but the complaint is devoid of any factual detail and, therefore,

is not sufficient to state a claim.   However, the Court will permit Plaintiff, should he wish

to proceed with this matter, to file a request to reopen the matter with a proposed amended

complaint within 30 days.   The amended complaint should set forth the factual detail to

support Plaintiff's claims, as such is necessary permit the Court to determine whether the

case should proceed as well as the merits of Plaintiff's request for counsel.

i.   In <u>Bacon v. Mane</u>, in which Plaintiff alleged that a certain Mr. Mane, who "runs Anne

Klein Forensic Center," violated Plaintiff's rights because Mr. Mane "told his officers to

violate [Plaintiff's] freedom of speech [since Plaintiff] couldn't say what [he] wanted to

say," Plaintiff submitted a statement reading, "Mane tells his staf[f] to r[e]strict my 1st

Amendment right [by] say[ing that] I can't say what I want to say."   <u>Bacon v. Mane</u>,

Docket Entry No. 7.   However, this statement does not suggest that Plaintiff's protected

---

[24]   Generally, federal courts are neither in the position to conduct nor concern themselves with second-guessing the prescribed medical treatments.   <u>See</u>, <u>e.g.</u>, <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990).   However, the decisions rendered by Judge Simandle in <u>Bacon v. Burns</u> reflect on the considerations and potential objections Plaintiff and his family members might have made upon being informed about Plaintiff's proposed course of treatment and, derivative from the same, upon the benefits and dangers of the selected course of treatment.   Therefore, to the degree Plaintiff's <u>Bacon v. Roth</u> challenges invite this Court to second-guess the course of medical treatment prescribed to Plaintiff, Plaintiff's allegations offer not a hint at a viable claim, while his derivative challenges mimic the once currently litigated in <u>Bacon v. Burns</u>.

speech has been implicated; rather, it appears that Plaintiff has been prevented from making utterances that have no relation to his constitutional rights. Therefore, Plaintiff's submission suggests that, if counsel is appointed to Plaintiff, Plaintiff would urge that counsel to pursue a wholly meritless claim. Therefore, the Court finds no basis or appoint counsel or to reopen this action.

j.  In <u>Bacon v. Anne Klein Forensic Center</u>, that is, the matter where Plaintiff asserted that "all staff" of the Anne Klein Forensic Center violated "all [his] rights," Plaintiff filed the same statement, <u>i.e.</u>, he asserted, again, that "Mane tells his staf[f] to r[e]strict my 1st Amendment right [by] say[ing that] I can't say what I want to say." <u>Bacon v. Anne Klein Forensic Center</u>, Docket Entry No. 7. Yet, that statement yields the result identical to that achieved in <u>Bacon v. Mane</u>, <u>i.e.</u>, it suggests that, in the event counsel is appointed to Plaintiff, Plaintiff would insist on prosecuting a facially meritless claim. Therefore, the Court finds no basis or appoint counsel or to reopen this action.

k.  In <u>Bacon v. Kazanes</u>, that is, the action where Plaintiff alleged that a certain inmate "assaulted" Plaintiff "with [a] book," Plaintiff filed a statement reading, "I couldn't hit back because there are no self[-]defense laws in New Jersey." <u>Bacon v. Kazanes</u>, Docket Entry No. 7. Nothing in Plaintiff's submissions hint at a federal claim. Thus, the Court finds no basis or appoint counsel or to reopen this action.

l.  In <u>Bacon v. Johnson</u>, <u>i.e.</u>, the case where Plaintiff alleged that another inmate "assaulted [him] with closed fist," Plaintiff filed the same statement, reading, "I couldn't hit back because there are no self[-]defense laws in New Jersey." <u>Bacon v. Johnson</u>, Docket Entry No. 6. That statement raises concerns identical to the ones detailed with regard to

Plaintiff's submission made in <u>Bacon v. Kazanes</u>. Thus, the Court finds no basis or appoint counsel or to reopen this action.

m.    In <u>Bacon v. M.S.O. Sylvester</u>, that is, the matter where Plaintiff asserted that a certain prison officer made "terroristic threats" by telling Plaintiff that, during some "October," the officer would "get [Plaintiff] hurt," Plaintiff also filed the statement reading, "I couldn't hit back because there are no self[-]defense laws in New Jersey." <u>Bacon v. M.S.O. Sylvester</u>, Docket Entry No. 6. While the allegations in that matter may meet the color of law requirement, they are facially insufficient because they are based upon speculation regarding a future event.[26] Consequently, the Court finds no basis or appoint counsel or to reopen this action.

n.    In <u>Bacon v. Trenton State Prison</u>, in which Plaintiff asserted that the "prison" confined him in a "laboratory testing facility against [his] will," Plaintiff submitted a statement reading, "Trenton state prison stole from me and hurt me by jumping me to my [illegible]." <u>Bacon v. Trenton State Prison</u>, Docket Entry No. 6. However, Plaintiff's statement – which evinces no correlation to his pleading – suggests a barred claim.[27] Thus, the Court finds no basis or appoint counsel or to reopen this action.

---

[26]   <u>See</u> <u>Hood v. Cumberland County Dep't of Corr.</u>, No. 12-6395, 2013 U.S. Dist. LEXIS 52907, at *13 (D.N.J. Apr. 11, 2013). "Speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim. <u>Dawson v. Frias</u>, No. 09-6050, 2010 U.S. Dist. LEXIS 30513 at *8 (D.N.J. Mar. 30, 2010) ("speculation as to what might or might not happen in the future" cannot serve as a basis for a valid claim) (citing <u>Rouse v. Pauliilo</u>, No. 05-5157, 2006 U.S. Dist. LEXIS 17225 (D.N.J. Apr. 5, 2006) (dismissing speculative claim as to a hypothetical future development and citing <u>Kirby v. Siegelman</u>, 195 F.3d 1285 (11th Cir. 1999)); <u>see also</u> <u>Pilkey v. Lappin</u>, No. 05-5314, 2006 U.S. Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006) ("Plaintiff's [anxiety] fail[s] to state a claim upon which relief may be granted"); <u>Patterson v. Lilley</u>, No. 02-6056, 2003 U.S. Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003).

[27]   The New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 <u>et seq.</u>, provides all the process that is due. <u>See</u> <u>Holman v. Hilton</u>, 712 F.2d 854, 857 (3d Cir. 1983); <u>Asquith v. Volunteers of America</u>, 1 F. Supp.2d 405, 419 (D.N.J. 1998), <u>aff'd</u>, 186 F.3d 407 (3d Cir. 1999).

o. In <u>Bacon v. All Medical Staff</u>, that is, the matter where Plaintiff alleged that all medical staff "violated [his] patient['s] bill of rights illegally and disrespectfully," he submitted a statement reading, "[M]edical staff always acts like they're mad and don't want to [do] their job. And they [are] disrespect[ful]." <u>Bacon v. All Medical Staff</u>, Docket Entry No. 6. However, neither Plaintiff's disagreement with how his medical treatment is conducted nor his displeasure with the amount of respect he receives can support a cognizable claim. <u>See</u> <u>White v. Napoleon</u>, 897 F.2d 103; <u>Jones v. Lockhart</u>, 484 F.2d 1192 (8th Cir. 1973); <u>Hyde v. McGinnis,</u> 429 F.2d 864 (2d Cir. 1970); <u>see</u> <u>also</u> <u>Dawson v. NJ State Trooper Barracks</u>, 2011 U.S. Dist. LEXIS 92922, at *7 (D.N.J. Aug. 19, 2011) ("[T]he Constitution is not a manual of etiquette, nor is the Court an arbiter of good taste") (quoting <u>King v. Lienemann,</u> 2011 U.S. Dist. LEXIS 21968, at *16 (S.D. Ill. Mar. 4, 2011)). Therefore, the Court finds no basis or appoint counsel or to reopen this action.

p. In <u>Bacon v. Doctors Supervisors</u>, that is, the action where Plaintiff alleged that "Doctors Supervisors" violated his rights by failing to cure him, Plaintiff filed a statement reading, "Your Honor, I would like special counsel." <u>Bacon v. Doctors Supervisors</u>, Docket Entry No. 6. However, since Plaintiff has no constitutional right in getting "cure[d]," his statement cannot alter the core deficiency of his challenge. Therefore, the Court finds no basis or appoint counsel or to reopen this action.

r. In <u>Bacon v. All M.S.O's</u>, <u>i.e.</u>, the matter where Plaintiff asserted that "all M.S.O's" "disrespected and violated" his unspecified rights, Plaintiff filed a statement reading, "Your Honor, I would like special counsel." <u>Bacon v. All M.S.O's</u>, Docket Entry No. 6.

Because the NJTCA offers a post-deprivation remedy providing all the process which is due, Plaintiff's due process deprivation of property claim would necessarily fails. <u>See id.</u>; <u>see</u> <u>also</u> <u>Pettaway v. SCI Albion</u>, 487 F. App'x 766 (3d Cir. 2012) (dismissing as frivolous inmate's appeal challenging order dismissing his deprivation of property claim).

However, as noted <u>supra</u>, Plaintiff's displeasure with insufficient respect – or his bold assertion that his unspecified rights have been violated by "all M.S.O.'s" – cannot lend support to a viable claim. Therefore, the Court finds no basis or appoint counsel or to reopen this action.

s.    In <u>Bacon v. Kitchen Supervisors</u>, that is, the action where Plaintiff alleged that "Kitchen Supervisors" violated his rights because they "did not help to prepare food," Plaintiff submitted a statement reading, "[t]he supervisors of the kitchen don't make sure the food is right. And get not when they have to being [illegible] they doing on these." <u>Bacon v. Kitchen Supervisors</u>, Docket Entry No. 7.[29] Yet, these statements suggest only Plaintiff's displeasure with the diet he is served; they do not indicate any personal involvement of the supervising officers, and they fail to suggest that Plaintiff suffered of malnutrition in violation of his Eighth Amendment – or due process – rights.[30] Therefore, the Court finds no basis or appoint counsel or to reopen this action.

t.    In <u>Bacon v. M.S.O. Lopez</u>, in which Plaintiff alleged that a certain M.S.O. Lopez violated his rights because M.S.O. Lopez "assaulted [some] patient with [a] minor infraction"

---

[29] As the Court pointed out <u>supra</u>, Plaintiff commenced two <u>Bacon v. Kitchen Supervisors</u> actions. The allegation that "Kitchen Supervisors" violated his rights because they "did not help to prepare food" was raised in Civil Action No. 12-3392. In Civil Action No. 12-3393, Plaintiff asserted that "Kitchen Supervisors" violated his rights because they "did not feed [him the] right meal[s]." In that action, Plaintiff submitted a statement reading, "I would like all my cases <u>pro bono</u> for <u>pro bono</u> lawyers." Civil Action No. 12-3393, Docket Entry No. 7. For the reasons substantively identical to those detailed with regard to Civil Action No. 12-3392, Plaintiff's claims intended to be litigated in Civil Action No. 12-3393 appear well suited for dismissal without prejudice to litigation at the time when Plaintiff comes to sane mind and assesses his memories intelligently or obtains a general guardian who examines all events in Plaintiff's life in order to distill the factual predicate, if any, supporting a plausible claim.

[30] The filings made in the above-captioned matters and those presided by Judge Simandle suggest that Plaintiff is a civilly committed individual. However, the Court cannot rule out that Plaintiff is a state prisoner confined at a mental facility because of his psychological disorders.

causing that patient the "need [for] needles in [his] body," Plaintiff submitted a statement asserting that M.S.O. Lopez "pushed" him and Plaintiff had "to take a steroid shot." Bacon v. M.S.O. Lopez, Docket Entry No. 7. However, Plaintiff's earlier submissions in this action state that the steroids administered to Plaintiff were for bursitis in his shoulder and not any injury. See Docket Entry 4. Because "[a]n inmate who complains of a [mere] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim," Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)), the Court finds that Plaintiff has failed to plead facts that state a viable claim. Therefore, the Court finds no basis or appoint counsel or to reopen this action.

u.   In Bacon v. State of New Jersey, in which Plaintiff asserted that the State violated his rights by failing to release him from confinement or to move him to a certain camp, Plaintiff filed the statement reading, "I would like all my cases pro bono for pro bono lawyers." Bacon v. State of New Jersey, Docket Entry No. 6. Yet, Plaintiff's challenges to the alleged failure to release him are premature under the holding of Heck, or the fact that he has no viable claim in light of his lack of due process right to being confined at a particular facility or the facility of his choice. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 243 (1976). Therefore, the Court finds no basis or appoint counsel or to reopen this action.

v.   In Bacon v. Atlantic City Press in which Plaintiff alleged that a local newspaper violated his rights because it "put a juvenile in jeopardy" by "put[ting that] juvenile['s] name in the paper," Plaintiff also filed the statement reading, "I would like all my cases pro bono for

pro bono lawyers." Bacon v. Atlantic City Press, Docket Entry No. 6. However,

Plaintiff's challenge is subject to dismissal for lack of state action. See Scheetz v.

Morning Call, Inc., 747 F. Supp. 1515, 1520 (E.D. Pa. 1990); Talmadge v. Herald News,

2007 U.S. Dist. LEXIS 78078 (D.N.J. Oct. 22, 2007); Oliver v. Philadelphia Daily News,

1989 U.S. Dist. LEXIS 5890 (E.D. Pa. May 26, 1989); Picozzi v. WPVI-TV Channel 6

Action News, 2012 U.S. Dist. LEXIS 12162 (D.N.J. Feb. 1, 2012); Cannon v. Delaware,

2012 U.S. Dist. LEXIS 64958 (D. Del. May 8, 2012). Therefore, the Court finds no basis

or appoint counsel or to reopen this action.[32]

w.    In Bacon v. Surveillance Security, in which Plaintiff asserted that a certain "surveillance

security" should have had but "d[id]n't have cameras in every camp," and that violated

Plaintiff's rights, Plaintiff submitted a statement reading, "All the doctors hide in the

building so they won't see patients that need help." Bacon v. Surveillance Security,

Docket Entry No. 5. This statement suggests that Plaintiff is raising wholly speculative

challenges. Thus, his claims having no viable factual predicate, the Court finds no basis

or appoint counsel or to reopen this action.

x.    In his Bacon v. All Doctors action, where Plaintiff alleged that unspecified doctors "treated

[Plaintiff] irrespo[n]sibl[]y" by violating Plaintiff's "patient['s] bill of rights," Plaintiff

again submitted the statement reading, "All the doctors hide in the building so they won't

---

[32]    Plaintiff commenced two actions captioned Bacon v. Atlantic City Press: in addition to Civil
Action No. 12-3575, he also initiated Civil Action No. 12-4511, where he repeated the same
challenges. In that matter, the Clerk received and filed Plaintiff's statement reading, "I would like
all my cases pro bono for pro bono lawyers." Civil Action No. 12-4511, Docket Entry No. 5.
However, this Court cannot rule out that Plaintiff intended to file in that matter the statement
docketed in his Civil Action No. 12-4341, where the Clerk received Plaintiff's statement reading,
"The Atlantic City Press put a child name in the [illegible] paper: Joel B- - -. They were illegal."
See id., Docket Entry No. 5. However, such Section 1983 claim necessarily fails for failure to
show an action under color of law.

see patients that need help."   <u>Bacon v. All Doctors</u>, Docket Entry No. 5.   Thus, for the same reasons above, the Court finds no basis or appoint counsel or to reopen this action.[33]

y.     In <u>Bacon v. All Treatment Teams</u>, in which Plaintiff initially asserted that unspecified "treatment teams . . . did not notify [unspecified] to help," the Clerk received and docketed Plaintiff's statement about a newspaper, Atlantic City Press.   <u>See</u> footnote 32.[34]   No viable claim can be discerned by the Court based on any of Plaintiff's allegations and, therefore, it appears that appointing counsel at this juncture would be futile.   Rather, the claims shall remain dismissed.

z.     Finally, in <u>Bacon v. [Anne Klein Forensic Center] Supervisors [of] 1st [and] 2nd [and] 3rd Shift</u>, in which Plaintiff asserted that certain unspecified "supervisors" violated his rights because they "were suppose[d] to help [Plaintiff] stay safe," Plaintiff submitted a statement reading, "From the supervisors on 1st 2nd 3rd shift I never get help or treated right.   They never try to talk and get not if [I] want to talk."   <u>Bacon v. [Anne Klein Forensic Center] Supervisors [of] 1st [and] 2nd [and] 3rd Shift</u>, Docket Entry No. 4.   This statement indicates that Plaintiff has no facts suggesting a failure to protect claim; rather, it appears that Plaintiff wishes to litigate his dissatisfaction with the socializing he receives.   Thus, as Plaintiff has presented no facts from which the Court can construe a viable claim, it

---

[33]   If this Court were to construe only Plaintiff's original statement that all doctors "treated [Plaintiff] irrespo[n]sibl[]y" as a medical malpractice challenge, Plaintiff's claims would still be subject to dismissal, be they assessed under the Eighth or Fourteenth Amendment.   <u>See</u> <u>Robinson v. Temple Univ. Health Svcs.</u>, 2012 U.S. App. LEXIS 25383 (3d Cir. 12, 2012) (relying on <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)); <u>see also</u> <u>White v. Napoleon</u>, 897 F.2d 103, 108-09 (3d Cir. 1990).

[34]   Since Plaintiff has filed over thirty actions in this District, the Court cannot rule out that Plaintiff has lost track of some of his litigations.

appears that the appointment of counsel would be futile here.   The matter, therefore, shall remain closed.

**IV.      CONCLUSION**

For the foregoing reasons, all of Plaintiff's above-captioned actions are dismissed and will remain closed.   Plaintiff's requests for pro bono counsel are denied without prejudice.   Plaintiff may file a request to reopen the matter of Bacon v. Atlantic City Police, Civil Action No. 12-2883, and for leave to file an amended complaint, attaching to any such request a proposed amended complaint addressing the deficiencies identified herein.   Such a request must be filed within 30 days of the date of the accompanying Order.   An appropriate Order follows.


/s/ Joel A. Pisano
**JOEL A. PISANO**
**United States District Judge**

Dated: November 14, 2013